UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ROBETO PARDO RUIZ,<br>Petitioner,<br>v.<br>CURRENT OR ACTING DIRECTOR UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br>Respondents. | Case No. 1:26-cv-03987 (EJD)<br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Jesus Roberto Pardo Ruiz is detained at the Golden State Annex Detention facility pending the resolution of his removal proceedings. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, contending that the Immigration Judge erred in denying release on bond at a hearing held on May 8, 2026. *See* Dkt. No. 1 at 2 ("I am challenging the immigration court's order denying bond").

Based on the submissions of the parties, the Court finds the following facts. This is Petitioner's second petition in this Court. His first petition was granted on May 4, 2026. *See Ruiz v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-0976-DC-JDP (HC), Dkt. No. 20 (E.D. Cal. May 4, 2026). There, the court granted relief on the basis that Petitioner's detention was properly controlled by 8 U.S.C. § 1226(a). *Ruiz v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-0976-DC-JDP (HC), Dkt. No. 17, at 7 (E.D. Cal. May 4, 2026). The government was ordered to provide Petitioner with a bond hearing at which "the government [was required] to bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have counsel present." *Ruiz v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-0976-DC-JDP (HC), Dkt. No. 20, at 1



United States District Court
Eastern District of California

(E.D. Cal. May 4, 2026). Petitioner received a bond hearing on May 8, 2026, at which the immigration judge ("IJ") denied bond finding that Petitioner was a danger to the community. Dkt. No. 6-2 at 1.

A noncitizen "dissatisfied with the IJ's bond determination" must ordinarily "file an administrative appeal so that the necessity of detention can be reviewed by... the BIA." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (internal citation omitted). If the petitioner "remain[s] dissatisfied" after the BIA rules on his appeal, then he may "file a petition for habeas corpus in the district court." *Id.* "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies[.]" *Id*. The exhaustion requirement, however, may be excused where administrative remedies are inadequate or inefficacious, pursuit of those remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Petitioner has not established that the exhaustion requirement should be excused here. The instant petition only argues that the immigration judge erred in its finding. Dkt. No. 1 at 6. It does not, however, address the exhaustion requirement and Petitioner has not filed a reply addressing whether excusal of the exhaustion requirement is proper here.

Accordingly, the petition is dismissed without prejudice. Of course, this Order does not prevent Petitioner from re-filing on the basis that his detention has become unconstitutionally prolonged as this claim was not presented in the instant petition. The clerk of the court is directed to close this case.

**IT IS SO ORDERED.**

Dated: September 9, 2026

EDWARD J. DAVILA
United States District Judge